IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **TALOCITY** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | |
| ] | CV-10-BE-1328-M |
| **DIAMOND FOODS, LLC,** ] | |
| ] | |
| **Defendant.** ] | |
| ] | |
| ] | |
| ] | |
| ] | |

**MEMORANDUM OPINION**

This collection matter is before the court on "Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment" (doc. 7).  Defendant's motion rests upon allegations that Plaintiff was not qualified to do business in Alabama during the relevant time period, and therefore, cannot bring this suit in federal court in Alabama.  This matter has been fully briefed. For the reasons stated in this opinion, the court finds that the motion to dismiss is MOOT and the motion for summary judgment is due to be GRANTED.

**I.  BACKGROUND**

The Complaint, asserting diversity jurisdiction, names the Plaintiff as "Talocity," and states that it is an Ohio corporation with its principal place of business in Ohio and that it provides temporary service employees to clients. Plaintiff has sued Defendant Diamond Foods, LLC, complaining that Diamond Foods hired Talocity to provide and pay service personnel it requested, but that Diamond Foods failed to pay the balance due Talocity for that service.

Exhibit A to the Complaint is a Talocity Staffing statement for Diamond Foods dated May 19, 2010 listing invoices from September 27, 2009[1] through April 18, 2010.  The record does not reflect the date of the contract upon which these invoices are based.

Records from Alabama's Secretary of State reflect that no *Ohio* corporation with a name similar to Talocity has registered with the state to do business, but that a *Delaware* corporation named Talocity Holdings, LLC had registered with the state on May 27, 2009 and subsequently filed a certificate of cancellation.  In light of that information, Diamond Foods filed the current motion and attached certifications to that effect from the Secretary of State.

In its response to Defendant's motion, Plaintiff attached an affidavit of Ryan Mason, sole shareholder and owner of Talocity, Inc., an Ohio corporation, and various other corporations licensed to do business in various states.  He testifies that two of those corporations have been licensed to do business in Alabama: Talocity Holdings, LLC and Surge Staffing, LLC. Although paragraph two of  Mr. Mason's affidavit is confusing, he appears to state that Surge Staffing, LLC is currently registered with the State of Alabama as a foreign limited liability corporation, #612-148;  and that Talocity Holdings, LLC was previously registered with the State of Alabama effective May 27, 2009 as a foreign limited liability Ohio corporation #617-648, but the registration was subsequently cancelled.  He states "[a]t all times relevant, my business entity has been properly filed and licensed by the Alabama Secretary of State to do business in the State of Alabama."

---

[1] Although Defendant states in its reply brief that "the first amounts due which are being claimed under their 'contract' were from January 16, 2010," (doc.11, at 2), this statement is not correct; Exhibit A to the Complaint reflects that Plaintiff was sending invoices to Defendant for late fees as early as September 27, 2009.

2

The unverified documents filed in conjunction with Mr. Mason's affidavit appear to be computer search results for government records of the Alabama Secretary of State and are entitled "Business Entity Details" for Talocity Holdings, LLC and Surge Staffing, LLC.  Under the details for Talocity Holdings, LLC, #617-648, the record reflects that the corporation is a foreign corporation formed in Delaware on May 5, 2009 with its principal address in Ohio, qualifying to do business with the State of Alabama on May 27, 2009, and cancelled on December 2, 2009.  Under the details for Surge Staffing, LLC, the record reflects that it is a domestic limited liability corporation #434-851 formed in Madison County, Alabama on June 8, 2009 with its principal address in Alabama.  These documents do not reference a corporation #612-148.

## II.  MOTION TO DISMISS

In light of the title of the current motion, the court must first determine whether this filing is appropriately addressed as a motion to dismiss or motion for summary judgment. The court notes that the motion attaches certifications from the Alabama Secretary of State and the responsive brief attaches an affidavit and other unverified documents; both parties present matters outside the pleadings.   "When matters outside the pleadings are presented to and not excluded by the district court in a [motion to dismiss], the motion must be treated as one for summary judgment under Rule 56, and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Nalls v. Coleman Low Federal Inst.*, 307 Fed. App'x 296, 297 (11th Cir. 2009) (citing Fed. R. Civ. P. 12).  The court will not exclude the matters outside the pleadings as they are relevant and material to the issue of whether Plaintiff is qualified to do business in the state and is able to maintain a legal action in Alabama federal

court. The current motion was entitled alternatively as a motion for summary judgment, and Plaintiff has had an opportunity to respond and indeed, has responded and presented evidentiary support for its position, including an affidavit and attachments. Therefore, the court will treat this motion as one for summary judgment and finds the motion to dismiss to be MOOT.

### III.  ANALYSIS OF THE MOTION FOR SUMMARY JUDGMENT

This case illustrates how a relatively uncomplicated case – here, a collection matter – can become complicated when attorneys do not spend the time to proofread and double check their facts before filing their legal documents. The Complaint was replete with errors such as the wrong corporate name and the wrong state of incorporation. As a result of this sloppiness, the Defendant quite properly raised in its motion what should be a simple question: was the Plaintiff corporation qualified to do business in Alabama during the time relevant to this collection matter?

Unfortunately, to answer that simple question, the court is forced to slog through a quagmire of facts in an attempt to clean up the record. Indeed, Plaintiff filed suit as "Talocity" but responded to Defendant's motion as "Talocity Holdings, LLC, d/b/a Talocity . .. succeeded by Surge Staffing, LLC." Then, after using these three corporate names somewhat interchangeably, Plaintiff's responsive brief throws out a fourth corporate name that further muddies the waters: I-Force, LLC, a name not mentioned in the Complaint or elsewhere. In addition, the affidavit of Ryan Mason, the sole owner and shareholder of these various corporations, testifies to facts that do not coincide with the attached unverified on-line government records: the entity number and place of formation of Surge Staffing, LLC do not match; and the state of incorporation of Talocity Holdings, Inc. does not match.

Returning to the simple question at bar, the court must determine whether the one entity listed as Plaintiff in the Complaint, "Talocity, an Ohio corporation," is qualified to do business in this state.  The court finds that no genuine issue of material fact exists:  according to the official records of the Secretary of State of Alabama, the Ohio corporation known as Talocity or Talocity, Inc. is not qualified to do business in the state and has never been qualified.   Plaintiff's sole shareholder, Mr. Mason, may treat the various corporations that he owns as interchangeable, and assume that as long as one of "his" companies is qualified in the state, any of "his" companies may bring suit in the state, but he is wrong.  The law does not treat corporations as interchangeable, and this court will not.  If one of "his" other corporations that was legitimately doing business in Alabama contracted with Defendant and performed services for which it is owed money, then that corporation may be the proper entity to bring suit in federal court in Alabama, but "Talocity, an Ohio corporation" is not.

Having determined that the entity that filed suit, "Talocity, an Ohio corporation," is not qualified to do business in Alabama, the court must next determine the effect of that determination on this suit.

Section 10-2B-15.01(a) of the Alabama Code provides that "[a] foreign corporation may not transact business in this state until it obtains a certificate of authority from the Secretary of State."  Section 10-2B-15.02 states the consequences of transacting business without a certificate:

> (a) A foreign corporation transacting business in this state without a certificate of authority or without complying with Chapter 14A of Title 40 may not maintain a proceeding in this state without a certificate of authority.  All contracts or agreements made or entered into in this state by foreign corporations prior to obtaining a certificate of authority to transact

5

> business in this state shall be held void at the action of the foreign
> corporation or by any person claiming through or under the foreign
> corporation by virtue of the contract or agreement; but nothing in this
> section shall abrogate the equitable rule that he who seeks equity must do
> equity.

Therefore, under Alabama law, a defendant may assert the plaintiff's failure to qualify to do business in Alabama as a defense to a contract action; if that failure is proven, the result is the voiding of the contract.  That defense is also available to defendants sued in Alabama federal court in diversity cases brought under Alabama law.  *See Jefferson Pilot Broad. Co. v. Hilary & Hogan, Inc.*, 458 F. Supp. 310, 312 (M.D. Ala. 1978) (applying Ala Code § 10-2-254 (1975), the precursor to Ala. Code § 10-2B-15.02, which similarly provided that "all contracts or agreements made or entered into in this state by foreign corporations which have not qualified to do business in this state shall be held void at the action of such foreign corporation. . . .").

In the instant case, the exact entity that entered into a contract with Defendant is by no means clear.  Assuming that Plaintiff Talocity, the Ohio corporation, was indeed the contracting entity, it cannot maintain a proceeding in this state without a certificate of authority to do business.  Because it had no such certificate of authority, any contract it made is void and, to the extent this suit represents an attempt to maintain a suit to enforce that contract, summary judgment is due to be entered against it.  Therefore, the court finds that, based on the case currently before it, summary judgment is due to be GRANTED in favor of Defendant and against Plaintiff.

The case will be DISMISSED without prejudice.

DONE and ORDERED this 1st day of December, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE